WHATLEY, Acting Chief Judge.
The Department of Children and Family Services (DCF) appeals the order denying its motion for rehearing of the order directing reunification of the mother and her children. DCF contends that it did not receive notice that the mother was going to seek reunification at the judicial review hearing. It therefore requests reversal and remand for a hearing on reunification with advance notice to all interested parties. We conclude that DCF did have notice that reunification could be addressed at the hearing, but we reverse and remand for entry of a written order containing findings in support of the reunification directed by the trial court.
The notice of the judicial review hearing contains the following statement in capital letters on the first page:
THE JUDICIAL REVIEW HEARING IS VERY IMPORTANT. AT THE JUDICIAL REVIEW THE COURT WILL DECIDE WHETHER TO RETURN YOUR CHILD TO YOU OR OTHER FAMILY MEMBERS, LEAVE YOUR CHILD WITH THE CURRENT CUSTODIAN, OR START PROCEEDINGS TO CONSIDER ADOPTION FOR YOUR CHILDREN.
Section 39.701(5), Florida Statutes (1999), provides that notice of a judicial review hearing must be served by the clerk of court upon, inter alia, the social service agency and the parents unless they were at the previous hearing at which the date, time, and location of the hearing were announced. DCF has not argued here or at the judicial review hearing that it did not receive notice of that hearing. In fact, at the judicial review hearing, DCF stated that although it desired reunification of the mother and children, it felt that the mother was not ready for reunification at that time. Thus, DCF’s argument that it was not notified that reunification might be sought, and granted at the hearing is without merit. This is especially true in light of section 39.701(8)(a), which provides in pertinent part that at a judicial review hearing:
[T]he court shall determine whether or not the social service agency shall ... return the child to the parent.... If the court finds that the ... reunification efforts of the department will allow the child to ... be safely returned to the home, the court shall allow the child to ... return to the home after making a specific finding of fact that the reasons for the creation of the case plan have been remedied to the extent that the child’s safety, well-being, and physical, mental, and emotional health will not be endangered.
See also Fla. R. Juv. P. 8.415(e)(2).
Thus, the trial court was authorized to order reunification at the judicial review hearing. However, that order must be in accordance with Florida Rule of Juvenile Procedure 8.415(e)(7), which provides that “[t]he court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, and a determination of the future course of the proceedings.”
*1177 Accordingly, we reverse and remand for entry of a written order in conformance with section 39.701(8)(a) and rule 8.415(e)(7).
Reversed and remanded.
STRINGER and DAVIS, JJ., Concur.